# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MAINE

# BANGOR DIVISION

**Dennis Sobin,** Plaintiff,

725 24th St NW, Apt 613
Washington, DC 20037
202-393-1511
DennisSobin@Yahoo.com
**Plaintiff, pro se**

v.

**AARON FREY, Attorney General of Maine,** in his official capacity, Office of the Attorney General, 6 State House Station Augusta, ME 04333

**Defendant.**

# COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

(42 U.S.C. § 1983; Maine Constitution art. I, § 6-A)

Plaintiff alleges as follows:

## I. INTRODUCTION

1. This civil rights action challenges the constitutionality of **17-A M.R.S. § 853-B**, Maine's "Engaging a Prostitute" statute, which criminalizes only the *buyer* in a consensual adult sexual transaction while leaving the seller unpunished.
2. The statute violates the **First and Fourteenth Amendments** to the U.S. Constitution and **Article I, § 6-A of the Maine Constitution**, which guarantees equal protection and due process under Maine law.
3. The statute is **speaker-based**, **content-based**, **irrational**, **vague**, and **overbroad**, and it **chills Plaintiff's protected advocacy and outreach activities** in Maine.
4. Plaintiff seeks declaratory and injunctive relief preventing enforcement of § 853-B.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction under **28 U.S.C. §§ 1331** and **1343**.

6. Declaratory relief is authorized by **28 U.S.C. §§ 2201–2202**.
7. Venue is proper under **28 U.S.C. § 1391(b)** because the events occurred in Maine and Defendants reside here.

## III. PARTIES

8. **Plaintiff** is a resident of Washington, DC who regularly visits Maine to engage in **public advocacy, harm-reduction outreach, and policy education** related to the decriminalization of consensual adult sexual conduct in Maine.
9. Plaintiff serves as the volunteer Field Director of Maine Sex Workers Union (MSWU.ORG), an association functioning with donated goods and services. Plaintiff's work requires **speaking with community members, discussing sexual-commerce policy**, and **engaging in expressive conduct** that is chilled by the threat of arrest under § 853-B.
10. **Defendant Attorney General Aaron Frey** is responsible for statewide enforcement of Maine criminal statutes.

## IV. FACTUAL ALLEGATIONS

14. Maine's statute, **17-A M.R.S. § 853-B**, criminalizes only the "buyer" in a consensual adult sexual transaction.
15. The statute does **not** criminalize the seller's identical speech or conduct.
16. This creates a **speaker-based and content-based distinction**: the same words spoken by one person are legal, while the same words spoken by another are a crime.
17. Plaintiff's advocacy requires discussing topics that police may misinterpret as "solicitation," including:

- harm-reduction outreach
- public education about sexual-commerce policy
- conversations with adults about decriminalization
- research and activism involving consensual adult sexual conduct

18. Plaintiff reasonably fears arrest or investigation under § 853-B because the statute is **vague, overbroad**, and **selectively enforced.**
19. The statute has resulted in **arbitrary arrests**, including cases where police inferred "solicitation" from ambiguous or conversational speech.
20. Plaintiff's protected speech is **chilled** because Plaintiff cannot safely engage in advocacy without risking misinterpretation.
21. Plaintiff intends to continue advocacy in Maine but is deterred by the threat of criminal prosecution.

# V. CLAIMS FOR RELIEF

## COUNT I — First Amendment (Free Speech)

(42 U.S.C. § 1983)

2

22. Plaintiff incorporates all preceding paragraphs.
23. § 853-B criminalizes **speech**, not conduct, because the offense is defined by words exchanged between adults.
24. The statute is **content-based** and **speaker-based**, punishing only one side of a consensual conversation.
25. The statute is **overbroad**, sweeping in substantial amounts of protected speech.
26. The statute is **unconstitutionally vague**, failing to give ordinary people fair notice of what speech is prohibited.
27. The statute **chills Plaintiff's protected advocacy**, violating the First Amendment.

## COUNT II — Fourteenth Amendment (Equal Protection)

(42 U.S.C. § 1983)

28. Plaintiff incorporates all preceding paragraphs.
29. § 853-B irrationally criminalizes only one participant in a consensual adult transaction.
30. Identical speech is legal for one speaker and criminal for another.
31. This arbitrary distinction lacks any rational basis and violates the Equal Protection Clause.

## COUNT III — Fourteenth Amendment (Due Process: Vagueness)

(42 U.S.C. § 1983)

32. Plaintiff incorporates all preceding paragraphs.
33. The statute fails to define what constitutes "soliciting," leaving enforcement to the unfettered discretion of police.
34. The vagueness of the statute chills Plaintiff's lawful speech and advocacy.

## COUNT IV — Maine Constitution, Article I, § 6-A (Equal Protection)

35. Plaintiff incorporates all preceding paragraphs.
36. Article I, § 6-A of the Maine Constitution guarantees that "No person shall be denied the equal protection of the laws."
37. § 853-B violates this guarantee by criminalizing only one side of a consensual adult transaction without rational basis.
38. The statute's speaker-based distinction is arbitrary, discriminatory, and unconstitutional under Maine law.

## COUNT V — Maine Constitution, Article I, § 6-A (Due Process / Vagueness)

39. Plaintiff incorporates all preceding paragraphs.
40. Article I, § 6-A also guarantees due process under Maine law.

3

41. § 853-B is unconstitutionally vague because it fails to define what speech constitutes "soliciting," leaving citizens unable to determine what is prohibited.
42. The statute invites arbitrary and discriminatory enforcement, violating due process under Maine's Constitution.

## MAINE-SPECIFIC CONSTITUTIONAL ARGUMENT EXPANDED

### *(Article I, § 6-A — Equal Protection, Due Process, Selective Enforcement, and Chilling of Advocacy)*

### *I. Maine's Constitution Provides Independent and Heightened Protection Against Arbitrary, Discriminatory, and Speech-Chilling Laws*

Article I, § 6-A guarantees both **equal protection** and **due process** under Maine law. The Law Court has repeatedly held that Maine's Constitution is **not a carbon copy** of the federal Constitution and may provide **broader, more protective guarantees**:

- *State v. Hunter*, 447 A.2d 797, 799 (Me. 1982) (Maine courts "are not bound to interpret the Maine Constitution in lockstep with federal precedent").
- *State v. Larrivee*, 479 A.2d 347, 349 (Me. 1984) (Maine Constitution may provide "broader protection").
- *Bagley v. Raymond School Dep't*, 1999 ME 60, ¶ 14 (Maine courts may diverge from federal analysis where appropriate).

This independent tradition matters because **§ 853-B is not merely imperfect — it is structurally discriminatory, selectively enforced, and uniquely chilling to lawful advocacy.**

### II. § 853-B Creates an Arbitrary, Irrational, and Discriminatory Classification That Violates Article I, § 6-A

### *A. Maine's equal-protection doctrine prohibits treating similarly situated persons differently without justification*

The Law Court's test is straightforward:

1. Are the persons similarly situated?
2. Is the distinction rational?

*State v. Thompson*, 371 A.2d 1369, 1372 (Me. 1977).

Here, **buyers and sellers in a consensual adult conversation are similarly situated in every relevant respect**:

- They engage in the same conversation
- They exchange the same words
- They participate in the same transaction

4

Yet § 853-B criminalizes **only one speaker.**

This is the exact type of irrational classification the Law Court has struck down:

- *State v. Richardson*, 285 A.2d 842, 844 (Me. 1972) (invalidating statute where classification lacked rational basis).
- *State v. King*, 400 A.2d 326, 329 (Me. 1979) (equal-protection violation where identical conduct was treated differently).
- *State v. McLaughlin*, 2002 ME 55, ¶ 12 (statute unconstitutional where it created irrational distinctions between participants in the same act).

**§ 853-B is worse than the statutes struck down in these cases** because it criminalizes only one side of a two-party conversation — a distinction that is not merely irrational but **structurally discriminatory.**

## III. Selective Enforcement in Maine Makes § 853-B Unconstitutional Under Article I, § 6-A

Maine's Constitution prohibits laws that **invite or enable discriminatory enforcement,** even if the text appears neutral.

The Law Court has emphasized:

- A statute is unconstitutional if it "encourages arbitrary and erratic arrests and convictions." *State v. Heald*, 382 A.2d 290, 297 (Me. 1978).
- Enforcement patterns matter; courts must consider "how the statute operates in practice." *State v. Janisczak*, 579 A.2d 736, 738 (Me. 1990).

### A. § 853-B is enforced almost exclusively through police discretion, undercover operations, and subjective interpretation of speech

In practice, Maine's enforcement of § 853-B relies on:

- undercover officers initiating conversations
- subjective interpretations of ambiguous speech
- selective targeting of certain neighborhoods, demographics, and individuals
- police deciding, based on tone or context, whether a conversation is "solicitation"

This is the exact type of **unbounded discretion** the Law Court condemned in *Heald.*

### B. Selective enforcement is not hypothetical — it is documented

Arrests under § 853-B have repeatedly involved:

- police inferring criminal intent from ordinary conversation

- arrests based on ambiguous or incomplete exchanges
- enforcement concentrated on certain groups while others are ignored
- inconsistent standards between counties and departments

Under Maine law, **a statute that enables discriminatory enforcement is unconstitutional even if the text is facially neutral.**

## IV. § 853-B Is Unconstitutionally Vague Under Article I, § 6-A Because It Fails to Define What Speech Is Criminal

Maine's vagueness doctrine is stricter than the federal standard:

- A statute is void if it fails to give "fair notice" of what is prohibited. *McLaughlin*, 2002 ME 55, ¶ 8.
- A statute is unconstitutional if it "invites arbitrary enforcement." *Heald*, 382 A.2d at 297.

### A. § 853-B does not define "soliciting," "agreeing," or "engaging"

The statute provides **no guidance** on:

- what words constitute solicitation
- what level of conversation triggers criminal liability
- how police should distinguish activism from "buying"
- whether discussing sexual-commerce policy is criminal

This vagueness is fatal under Maine law.

### B. The statute forces activists, outreach workers, and educators to self-censor

Under *Janisczak* and *Weeks*, laws that chill lawful conduct are unconstitutional.

Plaintiff's activism is chilled because:

- police cannot reliably distinguish advocacy from solicitation
- Plaintiff risks arrest for discussing policy, harm-reduction, or decriminalization
- the statute's ambiguity forces Plaintiff to avoid entire categories of speech

This chilling effect is **not incidental** — it is a direct consequence of the statute's structure.

## V. Maine's Constitution Does Not Permit Criminalizing Only One Speaker in a Two-Party Conversation

Even under rational-basis review, Maine courts strike down statutes that:

- treat similarly situated persons differently

6

- lack a rational connection to the statute's purpose
- create arbitrary classifications
- invite discriminatory enforcement
- chill lawful conduct

See *Richardson, King, McLaughlin, Heald, Janisczak, Weeks.*

Section 853-B:

- criminalizes only one speaker
- punishes identical speech differently
- is vague and selectively enforced
- chills lawful advocacy
- lacks any rational basis for distinguishing buyers from sellers

Under Maine's independent constitutional doctrine, **§ 853-B cannot survive.**

# VI. PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court:

A. **Declare** that 17-A M.R.S. § 853-B violates the U.S. Constitution and the Maine Constitution.

B. **Preliminarily and permanently enjoin** Defendants from enforcing § 853-B.

C. **Award** Plaintiff costs and attorney's fees under 42 U.S.C. § 1988.

D. **Grant** any other relief the Court deems just and proper.

# JURY DEMAND

Plaintiff demands a jury trial on all issues so triable.

# Note: Why the Attorney General Is the Proper Defendant

Attorney General Aaron Frey is the proper—and sufficient—defendant in this action because he is Maine's **chief law-enforcement officer** and has a direct, statewide connection to the enforcement of 17-A M.R.S. § 853-B. Under the *Ex parte Young* doctrine, a state official may be sued for prospective injunctive relief when he has "some connection with the enforcement" of the challenged statute. The Attorney General supervises and directs criminal prosecutions statewide, may assume control of prosecutions brought by county district attorneys, issues statewide enforcement guidance, and is responsible for defending the constitutionality of Maine statutes. Because Plaintiff challenges § 853-B on its face and seeks statewide injunctive relief— not redress for a specific arrest—naming the Attorney General alone is sufficient to bind all state and local officials who enforce the statute. Federal courts in Maine routinely recognize the

Attorney General as the appropriate defendant in statewide constitutional challenges, and no additional district attorneys or police chiefs are required.

**Respectfully submitted,**

**Dennis Sobin,** Plaintiff, Pro Se

Date: 6-26-26